maintaining the intersection, there is an issue of fact precluding summary judgment whether breach of that duty was a proximate cause of the accident *(see, Smart v Wozniak,* 58 AD2d 993, 994, *lv denied* 43 NY2d 643).

Special Term properly granted summary judgment to the Town, however, because although the Town may have occasionally mowed the grass at the intersection, there is no evidence in the record that the Town has any responsibility for cutting and removing the brush and foliage on the trees. (Appeal from order of Supreme Court, Wayne County, Patlow, J.—summary judgment.) Present—Callahan, J. P., Denman, Boomer, Green and Balio, JJ.

■ WILLIAM FOEHNER et al., Appellants, v WILLIAM W. BAUER et al., Defendants, and COUNTY OF WAYNE, Respondent. (Appeal No. 2.)—Order unanimously reversed, on the law, without costs, and motion denied. Same memorandum as in *Foehner v Bauer* ([appeal No. 1] 126 AD2d 941 [decided herewith]). (Appeal from order of Supreme Court, Wayne County, Patlow, J.—summary judgment.) Present—Callahan, J. P., Denman, Boomer, Green and Balio, JJ.

■ WILLIAM FOEHNER et al., Appellants, v WILLIAM W. BAUER et al., Defendants, and COUNTY OF WAYNE, Respondent. (Appeal No. 3.)—Appeal unanimously dismissed, without costs, as moot. (Appeal from order of Supreme Court, Wayne County, Patlow, J.—reargue.) Present—Callahan, J. P., Denman, Boomer, Green and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MARTINEZ, Appellant. (Appeal No. 1.)—Judgment unanimously modified, on the law, and, as modified, affirmed, in accordance with the following memorandum: A person is guilty of burglary in the first degree when he knowingly enters or remains unlawfully in a dwelling and with intent to commit a crime therein causes physical injury to any person who is not a participant in the crime (Penal Law § 140.30 [2]). Defendant clearly is guilty of burglary in the first degree, but since there was but one entry he can only be convicted of one count of burglary. We, therefore, must reverse his conviction on the second count of burglary *(People v McCray,* 61 AD2d 860, 861; *People v Perrin,* 56 AD2d 957, 958).

Defendant also argues that the indictment should be dismissed on constitutional speedy trial grounds, relying on our decision in a case of a codefendant *(People v Brown,* 117 AD2d 978).* The distinction between the two cases, however, is that